IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT PHILLIP LEWIS,<br>*Plaintiff* | § § § § | |
| v. | § § | |
| WILLIAMSON COUNTY, TEXAS;<br>STATE OF TEXAS; CITY OF AUSTIN;<br>BIG FISH ENTERTAINMENT,<br>*Defendants* | § § § § § | CASE NOS. 1:24-CV-00118-ADA<br>1:24-CV-00461-ADA |

**ORDER**

On May 15, 2024, the Court entered final judgment dismissing with prejudice Plaintiff Scott Phillip Lewis's claims against Defendant Williamson County, Texas in Case No. 1:21-cv-00074-ADA-SH, filed January 25, 2021.[1] Plaintiff, proceeding *pro se*, filed the two above-styled cases on January and April 2024, respectively, moving to proceed *in forma pauperis* in each case.

**I.    Applications to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she is unable to pay such fees or security. A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

---

[1] Plaintiff has filed a notice of appeal to the Fifth Circuit Court of Appeals. *Id.* at Dkt. 151.

Based on his representations in his applications, the Court finds that Lewis cannot pay the filing fees without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Lewis *in forma pauperis* status and **ORDERS** his Complaints to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Lewis is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Frivolousness Review Under Section 1915(e)(2)

Because Lewis has been granted leave to proceed *in forma pauperis*, the Court reviews his Complaints under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts also may dismiss complaints as frivolous or malicious "if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff" or duplicate allegations of another pending federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman*, 980 F.2d at 994-95; *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman*, 980 F.2d at 994. A court may find that a lawsuit is duplicative when it "repeats the same factual allegations that [the

plaintiff] asserted in his earlier case," even when the plaintiff "successively sued different defendants." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The Court finds that these lawsuits are duplicative of Lewis's claims in Case No. 1:32-cv-00074-ADA-SH and therefore malicious. Each of the three suits names the same defendant – Williamson County, Texas – and arises from Lewis's arrest for driving while intoxicated on January 25, 2019. This conclusion is unchanged by the fact that Lewis's newest complaint names three additional defendants (State of Texas, City of Austin, and Big Fish Entertainment). Lewis alleges claims under 42 U.S.C. § 1983 in all three cases and adds only frivolous new claims (for example, alleging intentional infliction of emotional distress by the City of Austin for purportedly leaving him out of a 2015 police report, Case No. 1:24-cv-00461-ADA at Dkt. 1 ¶¶ 70-74).

Lewis amended his Complaint in his first-filed case twice, ultimately spanning 44 pages and 176 paragraphs and incorporating events and allegations through dismissal of his state DWI charges on April 25, 2022. Case No. 1:21-cv-00074-ADA-SH at Dkt. 69 (filed August 26, 2022). In his two new cases, Lewis alleges no claims arising after that date. The Court granted Williamson County's motion for summary judgment in Lewis's original case only after extensive discovery (including an in-person hearing) and full briefing. Lewis has had his full and fair day in court. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman*, 980 F.2d at 995.

### III.   Order

The Court **ORDERS** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) is **GRANTED** and **DISMISSES ALL CLAIMS WITH PREJUDICE** as malicious under 28 U.S.C. § 1915(e)(2).

**SIGNED** on May 24, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE